MJL:BTR
F.#2006R01293

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

TONINO SOLIMINE and
ESTON CLARE,

        Defendants.

- - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   JUL 12 2007   ★

LONG ISLAND OFFICE

CR 07 567

SEYBERT, J.

ORENSTEIN, M.

INDICTMENT

Cr. No. _____
(T. 18, U.S.C., 982(a)(1),
981(a)(1)(C), 982(a)(1),
982(b)(1), 1956(h), 2
and 3551 et seq.;
T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

INTRODUCTION

    At all times relevant to this Indictment, unless otherwise indicated:

The Defendants and Companies:

    1.  T&S Trucking Corporation ("T&S"), was a transporter of heating oil, incorporated under the laws of New York and had an office at 53 2nd Avenue, Brooklyn, New York 11215.

    2.  T&S was a transporter of oil products in the New York City Metropolitan area.

    3.  The defendant TONINO SOLIMINE was the chief executive officer and sole shareholder of T&S.

    4.  The defendant ESTON CLARE was the office manager of T&S.

THE SCHEME TO EMBEZZLE INTERSTATE SHIPMENTS OF OIL PRODUCTS

5.    All oil and oil products sold and delivered in New York State have traveled in interstate or foreign commerce, as no oil drilling or oil refining occurs in New York State.  Oil destined for customers in New York is transported to New York State from elsewhere using interstate pipelines, barges, tankers, trucks, and railways.

6.    Heating oil is a refined product of crude oil. Crude oil is processed at oil refineries located outside of New York State into, among other oil products, heating oil.  Oil refineries produce three types of heating oil which are identified by number: "Number 2," "Number 4," and "Number 6." Number 2 oil is typically used in residential homes.  Number 4 oil is used in newer commercial buildings and for large heating systems.  Number 6 oil is used in older buildings.

7.    Heating oil wholesalers purchase heating oil from oil refiners for resale to heating oil retailers.  Prior to the resale of the heating oil, the wholesalers store heating oil at oil tank storage facilities known as terminals or "racks."  There are over twenty racks located in the New York City Metropolitan area, and the majority of the racks are located in Brooklyn, New York.

8.    Heating oil wholesalers assign the retailers

rights, known as "positions," to obtain agreed upon amounts of heating oil at specific terminals. Heating oil retailers sell heating oil to residential and commercial customers. Heating oil retailers must register with the New York State Department of Taxation and Finance.

9. Heating oil transporters deliver heating oil from the terminals to residential and commercial customers for the heating oil retailers. Heating oil transporters use tanker-trucks to deliver heating oil to customers identified by the retailers. Heating oil transporters typically charge the retailers a delivery fee based upon a price-per-gallon of the heating oil. Heating oil transporters are not required to register with the New York State Department of Taxation and Finance and are not authorized to directly purchase heating oil from wholesalers and sell heating oil to residential or commercial customers.

10. Beginning in or about 2000, the defendants TONINO SOLIMINE and ESTON CLARE, together with others, embezzled heating oil that T&S obtained from terminals for delivery to the customers of heating oil retailers in the New York City Metropolitan area and Long Island, New York. The heating oil was obtained by truck drivers employed by T&S who engaged in the practice of "shorting" or "skimming" customers of the retailers.

"Shorting" or "skimming" involved holding back a portion of the heating oil from delivery to customers while indicating to the customer that a full delivery had been made.

11.   After "shorting" or "skimming" oil from retailers' customers, SOLIMINE, CLARE and others falsely notified the retailers that full deliveries of heating oil were made to the retailers' customers when, as SOLIMINE and CLARE well knew and believed, the retailers' customers had not received full deliveries of heating oil.   T&S submitted invoices to the retailers for the deliveries of heating oil to the customers and subsequently received payments from the retailers for the full amount of heating oil purportedly delivered to the retailers' customers.

12.   The defendants SOLIMINE and CLARE, together with others, subsequently offered the accumulated embezzled heating oil for sale to other retailers at below-market prices, primarily for cash payments.   SOLIMINE, CLARE, and others personally received payments for the sale of the embezzled heating oil.   In total, between in or about January 1, 2000 and July 12, 2007, SOLIMINE, CLARE, and others sold millions of gallons of embezzled heating oil for an aggregate amount of approximately $25 million dollars.   SOLIMINE, CLARE and others subsequently used the cash received for the sale of the embezzled heating oil for personal

expenses or to fund the operation of T&S.

## COUNT ONE
(Embezzlement of Interstate and Foreign Shipments of Heating Oil)

13.  Paragraphs 1 through 12 are realleged and incorporated as if fully set forth in this paragraph.

14.  On or about and between January 1, 2000 and July 12, 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants TONINO SOLIMINE and ESTON CLARE, together with others, did knowingly and intentionally embezzle, steal, unlawfully take, and carry away from a pipeline system, motortruck, trailer, and from a tank and storage facility, with the intent to convert to their own use, goods and chattels, to wit: heating oil, moving as and which were part of and which constituted an interstate and foreign shipment of property.

(Title 18, United States Code, Sections 659, 2 and 3551 et seq.)

## COUNT TWO
(Conspiracy To Launder Money)

15.  Paragraphs 1 through 12 of this indictment are hereby realleged and incorporated as if fully set forth in this paragraph.

16.  On or about and between January 1, 2000 and July 12, 2007, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants

TONINO SOLIMINE and ESTON CLARE, together with others, did

knowingly and intentionally conspire to conduct financial

transactions affecting interstate commerce, which in fact

involved the proceeds of specified unlawful activity, to wit:

embezzlement of interstate and foreign shipments of goods, in

violation of Title 18, United States Code, Section 659, knowing

that the property involved in the financial transactions

represented the proceeds of some form of unlawful activity (a)

with the intent to promote the carrying on of the specified

unlawful activity, in violation of Title 18, United States Code,

Section 1956(a)(1)(A)(i), and (b) knowing that the transactions

were designed in whole and in part to conceal and disguise the

nature, location, source, ownership and control of the proceeds

of the specified unlawful activity, in violation of Title 18,

United States Code, Section 1956(a)(1)(B)(i).

          (Title 18, United States Code, Sections 1956(h) and

3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

          17.   The United States hereby gives notice to the

defendants charged in Count One that, upon their conviction of

such offense, the government will seek forfeiture in accordance

with Title 18, United States Code, Section 981(a)(1)(C) and Title

28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense, including but not limited to a sum of money equal to at least approximately $25,000,000 in United States currency for which the defendants are jointly and severally liable.

18.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

8

other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

19.  The United States hereby gives notice to the defendants charged in Count Two that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), of all property involved in the conspiracy to violate Title 18, United States Code, Section 1956, and all property traceable to such property, including but not limited to a sum of money equal to at least approximately $25,000,000 in United States currency for which the defendants are jointly and severally liable.

20.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

9

          (d) has been substantially diminished in value; or

          (e) has been commingled with other property which

cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18,

United States Code, Section 982(b)(1), to seek forfeiture of any

other property of the defendants up to the value of the

forfeitable property described in this forfeiture allegation.

         (Title 18, United States Code, Sections 982(a)(1) and

982(b)(1))


                    A TRUE BILL


                    FOREPERSON



ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:_____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

Criminal Action No. _____

**UNITED STATES DISTRICT COURT**
**Eastern District of New York**

UNITED STATES OF AMERICA

- against -

TONINO SOLIMINE and
ESTON CLARE,

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 659, 981(a)(1)(C),
982(a)(1), 982(b)(1), 1956(h), 2 and
3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

_____
a true bill.

_____
                     Foreman

Filed in open court this _____ day of
_____ A.D. _____

_____
                        Clerk

Bail, $ _____

Burton T. Ryan, Jr.
Assistant U.S. Attorney 631-715-7853

Sir:

PLEASE TAKE NOTICE that the within will be
presented for settlement and signature to the Clerk
of the United States District Court in this office at the
U.S. Courthouse, 610 Federal Plaza, Central Islip,
New York, on the _____ day of _____, 20___, at 10:30
o'clock in the forenoon.

Dated: Central Islip, New York
_____, 20_____

_____
United States Attorney,
Attorney for _____

To: _____

Attorney for _____
_____

Sir:

PLEASE TAKE NOTICE that the within is a true
copy of _____ duly entered herein on the _____
day of _____ in the office of the Clerk of the
Eastern District of New York.

Dated: Central Islip, New York
_____, 20_____

_____
United States Attorney,
Attorney for _____

To: _____

Attorney for _____