LAW OFFICE OF
# MARC FERNICH

MARC FERNICH   maf@fernichlaw.com
ALSO ADMITTED IN MASSACHUSETTS

JENNIFER BONJEAN   bonjean@fernichlaw.com
ALSO ADMITTED IN ILLINOIS

750 LEXINGTON AVENUE, 15ᵀᴴ FLOOR
NEW YORK, NEW YORK 10022
(212) 446-2346
FAX: (212) 863-2595
fernichlaw.com

November 8, 2007

**BY ECF AND MAIL**

Burton Ryan, Esq.
Assistant United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722-4454

Re:   *United States v. Tonino Solimine, et al.,* CR 07 567 (E.D.N.Y.) (JS)

Dear Mr. Ryan:

## A.    INTRODUCTION

I am an attorney for Tonino Solimine, a defendant in the captioned case. In lieu of a formal motion that might unnecessarily burden the court, this letter requests disclosure pursuant to Fed. R. Crim. P. 7, 12 and 16, Local Rule 16.1 and *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. If we disagree whether particular items are discoverable, we can ask the court to intervene.

## B.    DEFINITIONS AND INSTRUCTIONS

The materials we seek are reasonable and necessary to prepare Solimine's defense. They include items in the possession, custody or control of the United States Attorney and other government agencies – federal, state, city and local – within his access or control. If the United States Attorney does not have a requested item, please state that the item does not exist or is not within his possession. If the United States Attorney knows a requested item exists but does not have it in his possession, please disclose the item's whereabouts. As here used, the term "document" means any tangible thing (1) that contains, reflects, is capable of reproducing or of having reproduced from it – either visually or orally – language, numbers or pictures, and (2) that relates or refers, in any manner, to the allegations of the indictment and the matters it describes. With these parameters in mind – and to the extent not produced by the government's letters of Aug. 26, Sept. 4 and Nov. 5, 2007 – please furnish the following:

Law Office of
MARC FERNICH

AUSA Burton Ryan
November 8, 2007
Page 2

## C.   <u>RULE 16 AND OTHER PRETRIAL MATERIALS</u>

1.     Please permit the defense to inspect, copy and photograph any written or recorded statements made by Solimine, his agents or alleged coconspirators – including copies and records containing their substance – that are (a) within the government's possession, custody or control and (b) known or reasonably accessible to government counsel. In this regard, we specifically request that government counsel inquire of all law enforcement personnel known to have participated in the investigation and indictment of this case (including but not limited to law enforcement personnel with the state of New York), as well as potential prosecution witnesses and others who gave the government information (identifying those personnel, witnesses or others), whether they know of any written or recorded statements by Solimine and, if so, to promptly make them available.

2.     In addition, kindly provide the substance of any oral statement by Solimine, his agents or alleged coconspirators to be offered at trial. In complying with this request, please make a conscientious effort to determine whether anyone acting on the government's behalf knows of any other oral statements purportedly made by Solimine, any agent or alleged coconspirator.

3.     Solimine requests permission to inspect, copy and photograph all books, news articles, papers, documents, pictures, tangible objects, buildings, places or copies of portions thereof, which are (a) within the government's possession, custody or control, (b) known or reasonably available to government counsel, (c) material to preparing Solimine's defense or (d) intended for use as evidence-in-chief or were obtained from or belong to him. This request includes documents in the possession of cooperating witnesses. It also includes all documents that will be relied on referred to in the government's case-in-chief, not just those that will be marked or offered as evidence. In short, this request is coextensive with Fed. R. Crim. P. 16.

4.     Solimine also seeks to inspect, copy and photograph any results or reports of physical or mental examinations, scientific tests or experiments or copies thereof, which are (a) within the government's possession, custody or control, (b) known or reasonably may become known to government counsel and (c) material to preparing Solimine's defense or intended for use as evidence-in-chief. This request includes not only reports and similar documents to be offered as evidence, but all such documents that are "material to the preparation of the defense." *See* Fed. R. Crim. P. 16. If the government has or acquires reports or similar documents that it does not intend to offer, please seek a court ruling, *ex parte* if necessary, to determine whether they are discoverable as "material to the preparation of the defense."

5.     Solimine requests an opportunity to inspect and copy all records, statements, interview notes, tape recordings, alleged admissions or confessions – signed or unsigned, oral or written – attributed to or taken from him or alleged coconspirators, which are (a) within the

Law Office of
MARC FERNICH

AUSA Burton Ryan
November 8, 2007
Page 3

government's possession, custody or control and (b) known or reasonably accessible to government counsel.

6.    Please designate, by name and address, the witnesses the government intends to call at trial, including any "experts" within the meaning of the Federal Rules of Evidence.  In addition, please disclose any reports, studies or other data upon which such "expert(s)" will rely.  Finally, please identify, by name and address, any witnesses whom the government does not intend to call but believes to have knowledge or information regarding the charges.

7.    Kindly provide a written summary of any testimony-in-chief to be offered under Fed. R. Evid. 702-05.  This summary should describe the witnesses' qualifications and opinions, along with the bases and reasons for them.

8.    With respect to each prospective government witness and immediate family members, specify any criminal charges or tax proceedings that (a) could be brought by the government (as defined) or other law enforcement or self-regulatory agency, but (b) have not been or may not be brought, or (c) the witness so believes, because s/he is cooperating or has cooperated with the government or for any other reason.  Include copies of all memoranda of understanding between the government and its witnesses, whether by way of letter from the witness's attorney or otherwise.

9.    Kindly list the exhibits the government intends to use at trial, supplementing it as necessary.

10.    Please produce all documents and other evidence reflecting drug and alcohol use, abuse or dependency by any prospective government witness.  This request includes records reflecting treatment in any federal, state, city, military or private drug or detoxification program.

11.    Please produce all documents and other evidence reflecting any physical or mental disease, disability or disorder affecting any prospective government witness.  This request includes hospital or other treatment records.

12.    Please produce all documents and other evidence regarding any polygraph examinations administered to prospective government witnesses.

## D.    *BRADY* MATERIAL

13.    To the extent not covered by Request 6, please identify, by name and address, anyone the government knows to have relevant information regarding the facts of this case.  We also request

LAW OFFICE OF
MARC FERNICH

AUSA Burton Ryan
November 8, 2007
Page 4

all relevant *Brady, Giglio, Agurs, Bagley, Kyles, Strickler* and *Banks* material.[1] This request includes any evidence that is exculpatory in nature or favorable to Solimine, *i.e.*, evidence tending to negate guilt or mitigate punishment. By "evidence," we mean copies of all documents, statements or other evidence – including written summaries of oral statements and evidence – known or reasonably available from investigating agents, witnesses or others interviewed during the investigation. In this regard, please disclose all records and information that may be helpful or useful in impeaching witness credibility, including evidence of prior misconduct. Identify, by name, address and telephone number, anyone who knows or may know of such favorable or exculpatory information, or who may help lead to its discovery. Absent some compelling reason to withhold this information, Solimine requests immediate disclosure to permit full exploration and exploitation. *See, e.g., Grant v. Alldredge*, 498 F.2d 376, 382 (2d Cir. 1974); *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001); *United States v. Gil*, 297 F.3d 93 (2d Cir. 2002); *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007); *United States v. Shvarts*, 90 F. Supp. 2d 219 (E.D.N.Y. 2000) (Glasser, J.).

14.    Please provide copies of the following documents – federal, state or local – involving each prospective government witness and immediate family members: indictments, complaints, arrest records and reports, hearing transcripts or other charging instruments. Also provide records reflecting any federal, state or local disciplinary actions. Specify which counts or actions have been the subject of guilty pleas, convictions, dismissals or understandings to dismiss in the future. State when, and before which judicial officers, any guilty pleas were taken. If the prosecution does not have or cannot reasonably obtain such documents, provide sufficient information – including dates, places, charges and disposition -- for the defense to identify them. List all other criminal proceedings in which any potential government witness either participated as a witness or was designated an aider and abettor or unindicted coconspirator. With respect to each prospective government witness and immediate family members, identify – to the extent not covered by Request 8 – all charges that could be, but have not been or may not be brought on account of the person's cooperation or for other equivalent reasons.

15.    To the extent not covered by Request 8, include copies of all memoranda of understanding between the government and its witnesses, whether by way of letter to the witness's attorney or otherwise. Enumerate, by date and amount, all inducements, promises, payments, fees and agreements with or to any potential government witness. Provide all information that may bear on witness credibility, including (a) relationships with any federal, state or city agents or agencies and (b) any informant or other acts or services performed with or at the government's knowledge, acquiescence or instance. This request embraces inducements, promises or benefits conferred on third parties – including spouses and other relatives – at the behest of any potential prosecution

---

[1]    *See Giglio v. United States*, 450 U.S. 150 (1972); *United States v. Agurs*, 427 U.S. 97 (1976); *United States v. Bagley*, 473 U.S. 667 (1985); *Kyles v. Whitley*, 514 U.S. 419 (1995); *Strickler v. Greene*, 523 U.S. 263 (1999); *Banks v. Dretke*, 124 S. Ct. 1556 (2004).

AUSA Burton Ryan
November 8, 2007
Page 5

witness.  List all requests, demands or complaints made by the witness to the government that arguably could be developed on cross-examination to demonstrate a hope or expectation of favorable action or treatment (whether or not the government has agreed to take any favorable action).

16.      With respect to each prospective prosecution witness, provide copies of all medical, psychiatric and drug treatment records – and all other documents and information known or reasonably accessible to the government – that may arguably affect credibility, including the ability to perceive, recall or relate events.  This request includes relevant documentary or other evidence – *e.g.,* hospital or other treatment records – suggesting that any potential witness or immediate family member (a) suffers or suffered from physical or mental disease, disability or disorder or (b) used, depended on or was addicted to drugs or alcohol.  This request also includes records reflecting treatment in any drug or detoxification program, whether federal, state, local, territorial or military.

17.      Provide all information tending to demonstrate (a) actual or arguable inconsistencies between statements made by a declarant himself or the declarant and others or (b) denial or lack of knowledge by a witness about the facts of this case or Solimine's guilt or innocence.  This request includes any statements or documents – *e.g.,* grand jury and trial testimony – made or executed by any potential prosecution witness that the government knows or reasonably should know is false, misleading or omits material facts.  The law is clear that it is for the defense – not the prosecutor – to decide what evidence is exculpatory within *Brady*'s purview.  Accordingly, any doubt as to an item's exculpatory value should be resolved in favor of disclosure.

18.      To the extent not covered by Requests 8 and 15, Solimine seeks to inspect and copy all documents, memoranda, agreements, contracts, *etc.* concerning promises of leniency or agreements of immunity – either *de facto* or statutory (*see, e.g.,* 18 U.S.C. § 6001 *et seq.*) – as to any person or entity connected to this case, which are (a) within the government's possession, custody or control and (b) known or reasonably may become known to government counsel.

19.      Solimine also requests copies of all documents, agreements, memoranda, contracts, *etc.* reflecting monetary payments to, or the receipt of other things of value by, individuals or entities that assisted law enforcement, prosecutorial or administrative agencies – state, federal or otherwise – in connection with this case.  These documents are sought for assistance provided in this case or any other.

20.      To the extent not covered by Requests 8, 15 and 18, please disclose the substance of any oral promises, inducements, agreements, *etc.* – contingent or otherwise – made by any state or federal law enforcement representative to/with any person or entity who either will testify in this case or is otherwise connected to it.  In complying with this request, please ask all law enforcement agents connected to the case – including, *inter alia,* agents of the Federal Bureau of Investigation – whether any such oral (or written) promises, inducements, agreements, *etc.* have been extended.

LAW OFFICE OF
MARC FERNICH

AUSA Burton Ryan
November 8, 2007
Page 6

21.    Please disclose any actions, promises or efforts – formal or informal – by any government agent to obtain benefits for any potential prosecution witness or immediate family members, or for any business entity employing the witness – as a director, trustee, partner, member or otherwise – or in which the witness holds stock. This request includes, but is not limited to, (a) letters informing anyone of the witness's cooperation; (b) recommendations concerning federal or state aid, benefits or tax matters; (c) recommendations concerning licensing, certification or registration; (d) promises to help advance, or not to jeopardize, a witness's business, professional or employment status; (e) aid or efforts in securing or maintaining, or promises not to jeopardize, business or employment; (f) aid or efforts concerning a new identity for the witness and his family, and all other actions incident thereto; (g) direct monetary payments or subsidies to the witness and family; and (h) all other activities, efforts or promises similar or related to items (a)-(g) above.

22.    To the extent not covered by Requests 19 and 21, please produce copies of all agreements, contracts, memoranda or other documents reflecting promises to aid, protect or relocate any individual or family member who assisted any law enforcement or administrative agency – state or federal – in connection with this case. These agreements are sought for information provided in this case or any other.

## E.    SEARCH, SEIZURE AND RELATED MATERIAL

23.    Solimine requests the opportunity to inspect and copy all records, schedules, bills and other documents reflecting telephone calls, toll call records or telephone charges over any instrument in which he maintained a possessory interest or the government knew or believed he used, which are (a) within the government's possession, custody or control and (b) known or reasonably available to government counsel.

24.    Please produce all applications (including supporting documents and exhibits), affidavits, testimony, inventories and orders seeking, granting or denying judicial permission to physically search any person or premises relating to this case, which are (a) within the government's possession, custody or control and (b) known, or reasonably may become known, to government counsel.

25.    Kindly divulge all documents, objects and other tangible things obtained by physical search or seizure of any person or place, with or without prior judicial authorization, which are (a) germane to this case, (b) within the government's possession, custody or control and (c) known or reasonably available to government counsel. In particular, please copy and immediately produce any documents seized from the person or property of Solimine, his agents or alleged coconspirators. We will reimburse the government for reasonable copying costs.

Law Office of
MARC FERNICH

AUSA Burton Ryan
November 8, 2007
Page 7

26.    Please disclose whether any pretrial identification procedure was used in this case, including but not limited to photographic displays, lineups, showups, *etc.* If so, state the nature and circumstances of the identification procedure, including time, date and place. State whether any witnesses were unable to identify Solimine, or made a mistaken or uncertain identification.

27.    In addition, please disclose all information, documents, reports, orders, affidavits, *etc.* reflecting any "mail cover" operations or examination of the mail of anyone involved in this case, particularly Solimine.

28.    Also disclose all information, documents, reports, orders, affidavits, *etc.* concerning any "pen register" operations – *i.e.*, the use of instruments to record incoming or outgoing telephone numbers – employed in the investigation, which are (a) within the government's possession, custody or control and (b) known or reasonably accessible to government counsel.

29.    Please produce all photographs (still photography), video recordings or motion pictures made in connection with this case, or relating in any manner to the case, which are (a) within the government's possession, custody or control and (b) known or reasonably may become known to government counsel.

30.    Kindly disclose all applications, affidavits, orders or other documents concerning any telescopically enhanced surveillance conducted during the investigation of this case, or relating in any manner to the case, which are known or reasonably available to the government. Please indicate whether telescopically enhanced surveillance was accomplished without court order, noting relevant dates, times, places, *etc.*

31.    Please further disclose all surveillance reports or memoranda respecting the investigation of this case, or relating in any manner to the case, which are (a) in the government's possession, custody or control and (b) known or reasonably accessible to government counsel.

32.    Finally, kindly disclose all court authorized or non-court authorized observations of Solimine by law enforcement officers from (a) airplanes, helicopters or other airborne devices and (b) property owned or leased by Solimine, or in which he had a possessory, leasehold or ownership interest.

## F.    WIRETAPPING, EAVESDROPPING, CONSENSUAL RECORDINGS AND RELATED MATERIALS

33.    To the extent not already produced, please provide copies of all documents concerning the use of mechanical or electronic interception devices in the investigation of this case. This request includes applications, affidavits, supplemental affidavits, exhibits, transcripts,

LAW OFFICE OF
MARC FERNICH

AUSA Burton Ryan
November 8, 2007
Page 8

testimony, memoranda, warrants, orders, *etc.* that (a) were made, written or issued by any representative of federal, state or local government, (b) are in the prosecution's possession, custody or control and (c) are known, or reasonably may become known, to government counsel.

34.     To the extent not previously produced, also furnish all statements by Solimine, agents, alleged coconspirators or others – whether oral, recorded or written – that (a) were seized by electronic or mechanical means, (b) are within the government's possession, custody or control and (c) are known or reasonably accessible to government counsel.

35.     In addition, kindly produce all mechanical or electronic tapes and recordings that (a) contain conversations involving Solimine, his agents or alleged coconspirators, (b) emanated from any premises or instrument in which he possessed a proprietary interest or (c) were made pursuant to a court ordered eavesdropping warrant in which any defendant was named as a target or actually intercepted.

36.     To the extent not previously produced, we also seek the following documents made by public servants or duly authorized representatives, which (a) are germane to this case and (b) in any way relate to federal, state or city wiretapping or eavesdropping: memoranda, logs, line sheets, reports, notes, summaries, transcripts, periodic court reports or other written communications.

37.     Please provide schedules as to each type of mechanical, electronic eavesdropping or other device capable of intercepting oral, radio or wire communications used in conjunction with, or relating to, this case.

38.     The preceding requests specifically include, but are not limited to, the following items involving state and federal eavesdropping or wiretapping activity:

a.     any and all requests, applications and orders seeking or requiring the sealing of tapes or other recordings;

b.     all requests, applications (whether granted or denied) and orders seeking or granting both initial interceptions and renewals or extensions;

c.     copies of any and all progress reports or orders to make them;

d.     all requests, applications and orders expanding or seeking to expand wiretaps to conversations about crimes beyond the original authorization order;

e.     relevant electronic surveillance logs and similar or related documents;

LAW OFFICE OF
MARC FERNICH

AUSA Burton Ryan
November 8, 2007
Page 9

f.      to the extent not covered by Request 28, relevant documents reflecting the use of pen registers or trap and trace devices;

g.      to the extent not covered by Request 38(e), relevant wiretapping or eavesdropping inventories;

h.      copies of any and all transcripts prepared from tapes made in conjunction with, or subsequent to, wiretapping or eavesdropping activity in this case;

i.      copies of any and all reports required by 18 U.S.C. § 2519 or state counterparts;

j.      copies of all orders served as notice of interception and all documents relevant to extensions or renewals thereof;

k.      any orders permitting the interception of radio communications and all tapes made thereunder;

l.      any and all transcripts and tapes in the government's possession, custody or control, whose existence is known or reasonably may become known, of consensually recorded conversations;

m.      to the extent not covered by Request 38(l), all relevant documents reflecting a person's consent to have his or her wire or oral communications intercepted that are (i) in the government's possession, custody or control and (ii) known or reasonably available to the government;

n.      to the extent not covered by Request 1, all applications, requests or correspondence seeking permission from the U.S. Attorney General or any other law enforcement officer – state or federal – to consensually record wire or oral communications, which are (i) in the government's possession, custody or control or (ii) reasonably accessible to government counsel; and

o.      all customer or subscriber records of Solimine obtained under section 2703 of the 1986 Electronic Communications Privacy Act, and any documents authorizing the government to obtain them.

Law Office of
MARC FERNICH

AUSA Burton Ryan
November 8, 2007
Page 10

## G.    MISCELLANEOUS ITEMS

39.    To the extent not already provided, please produce copies of any prior criminal records of Solimine and alleged coconspirators, stating how, if at all, the government intends to use them at trial.

40.    Please give us notice of Solimine's other "crimes, wrongs or acts," if any, to be offered under Fed. R. Evid. 404(b). In complying with this request, please identify all such crimes, wrongs or acts by date, time, place and participants. Also state the prosecution's admissibility theory as to each. Finally, kindly disclose any impeachment evidence to be offered, should Solimine testify, under Fed. R. Evid. 608-09 so we may seek an advance ruling as to admissibility and potentially overriding prejudice.

41.    Please identify, by name, alias and address, all unindicted coconspirators known to the government.

42.    Pursuant to Fed. R. Crim. P. 12, Fed. R. Evid. 104 and Solimine's rights to a fair trial and effective assistance of counsel, please disclose the existence of the following statements by any defendant, specifying whether the government intends to offer them as evidence-in-chief:

(a)    statements as to which Solimine manifested an adoption or belief of truth, *see* Fed. R. Evid. 801(d)(2)(B);

(b)    statements purportedly authorized or deemed admissions by Solimine, *see* Fed. R. Evid. 801(d)(2)(A)-(C);

(c)    statements by agents or servants of Solimine made during the existence, and concerning matters within the scope, of the agency or employment, *see* Fed. R. Evid. 801(d)(2)(D);

(d)    statements by alleged coconspirators made during the course and in furtherance of an alleged conspiracy, *see* Fed. R. Evid. 801(d)(2)(E); and

(e)    inculpatory statements by Solimine or alleged coconspirators raising issues under *Bruton v. United States*, 391 U.S. 123 (1968), and its progeny.

43.    State whether the recollection of any prospective government witness was hypnotically refreshed. If so, describe the circumstances of the hypnosis and provide copies of video and audio recordings memorializing the hypnotic procedure.

LAW OFFICE OF
MARC FERNICH

AUSA Burton Ryan
November 8, 2007
Page 11

    44.    Please produce all correspondence and memoranda of agencies and organizations that participated in investigating this case, to the extent they reflect non-privileged factual matter and witness statements.  Feel free to redact any privileged matter with appropriate indication.

    45.    Please list and briefly describe the subject matter of any material used, obtained or written in connection with the investigation that, for whatever reason, has been lost or destroyed.  This request includes rough notes of interviews, reports and memoranda.  *See, e.g., United States v. Taylor,* 707 F. Supp. 696, 705 (S.D.N.Y. 1989).

    46.    Finally, kindly maintain and preserve all relevant notes, reports and recordings, prepared by or for government agents or prosecutors, (a) that are now or may later come within the government's possession and (b) whose production is requested in this letter.  This request includes documents, papers, tangible objects, video and audio recordings and all other potential evidence.

## I.    <u>CONCLUSION</u>

    These requests are continuing in nature.  Feel free to contact me or my cocounsel with any questions as to their meaning and scope.  Thank you for your prompt response.

Yours truly,

Marc Fernich

cc:    Hon. Joanna Seybert/Clerk of the Court (JS) – By ECF